IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HONORABLE PAULA PATRICK**,<br><br>*Plaintiff,*<br><br>v.<br><br>**THE DAILY BEAST COMPANY, LLC,** *et al.*,<br><br>*Defendants.* | Case No. 2:22-cv-01520-JDW |

## ORDER

**AND NOW**, this 20th day of March, 2023, upon review of the Motion To Dismiss By Defendants The Daily Beast Company LLC and Laura Bradley (ECF No. 4), I note the following.

**Personal Jurisdiction**

1. A district court may dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Once a defendant raises a jurisdictional defense, the burden shifts to the plaintiff to establish, through "affidavits or other competent evidence," that the district court has personal jurisdiction over the defendant. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quotation omitted). If the district court declines to hold an evidentiary hearing, then the plaintiff "need only establish a prima facie case of personal jurisdiction." *Id.* (same). In determining whether the plaintiff has made the

requisite showing, the Court must "accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Id.* (same).

2. Personal jurisdiction may be general or specific. *See Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 257 (3d Cir. Sept. 13, 2022) (citation omitted). Because the Parties agree that the Court does not have general jurisdiction over The Daily Beast Company LLC and Laura Bradley, I confine my analysis to specific jurisdiction.

3. Specific jurisdiction is "case-specific[.]" *Id.* at 258 (quotation omitted). That means that Judge Paula Patrick's claims must "arise out of or relate to the defendant's contacts with the forum[.]" *Id.* (same). Said another way, in order for the Court to exercise specific jurisdiction over Defendants in this matter, their "suit-related conduct must create a substantial connection with the forum State[.]" *Id.* (same).

4. Where, as here, a plaintiff asserts an intentional tort, the plaintiff may rely on the "*Calder* effects test" to demonstrate specific jurisdiction over a defendant. *See Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007). Under that test, a plaintiff can establish personal jurisdiction if she shows that: "(1) The defendant committed an intentional tort; (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and] (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." *Id.* (quotation omitted).

5. False light is an intentional tort, and Judge Patrick alleges that she suffered harm to her reputation and career in Pennsylvania, where she lives and works as a Judge. The first two elements of the *Calder* test therefore support jurisdiction in Pennsylvania, and Defendants don't argue otherwise.

6. As to the third element of the effects test, I need look no further than *Calder* itself. In that case, the Supreme Court found that a reporter and an editor of a national magazine based in Florida "expressly aimed" their tortious conduct at California because they knew that the article could have a devastating impact upon the subject of the article in California, where she lived and worked. *See Calder v. Jones*, 465 U.S. 783, 789-90 (1984).

7. Like the article in *Calder*, Defendants' article about Judge Patrick has a local focus, despite the Daily Beast's national audience.[1] The Article's headline focuses on the actions of a local elected official—a state court trial judge. The Article concerns the Pennsylvania activities of Pennsylvania residents, including the Friends of Marconi Plaza and Judge Patrick, and it discusses a local issue—a lawsuit to remove a statue of Christopher Columbus in a public park in South Philadelphia. Ms. Bradley drew from local Pennsylvania news sources to craft the Article, including: (1) *The Philadelphia Inquirer*, (2) CBS Philadelphia, and (3) 6 Action News. Defendants spent a portion of the Article reporting on Judge Patrick's alleged QAnon-related "drama" and noted that Judge Patrick

---

[1] The "Article" refers to the article at issue in this matter, published on October 9, 2021: "QAnon-Linked Judge Rules in Unhinged War Over Philly's Columbus Statue." (*See* ECF No. 1-1.)

"unsuccessfully ran for a seat on the state Supreme Court earlier [that] year." (ECF No. 1-1.) In light of all of this, I have little trouble concluding that Defendants knew that the article would be damaging to Judge Patrick's reputation in Pennsylvania and, therefore, expressly aimed their tortious conduct at Pennsylvania. Indeed, it's hard to think of a jurisdiction more targeted by the Article than Pennsylvania. As such, all three elements of the *Calder* effects test are satisfied, and the Court may exercise specific jurisdiction over Defendants.

**Motion To Dismiss**

8. A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand 'only a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (same). In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* (same). First, the court must identify the elements needed to set forth a particular claim. *See id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *See id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give

rise to an entitlement to relief." *Id.* (quotation omitted). The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citation omitted).

9.  At least for purposes of resolving the present motion, I find that Pennsylvania law applies. Though Defendants identify a conflict in law in a footnote in their brief, they do not argue how I should resolve that conflict. Instead, they posit that "this Court applies Pennsylvania's choice-of-law principles and is likely to apply Pennsylvania law in assessing Judge Patrick's claims[.]" (ECF No. 4-1 at 18 n.9.) Without having made a meaningful argument under Pennsylvania's choice of law rules, I will not go beyond Defendants' concession that Pennsylvania law applies.

10. In Pennsylvania, a claim of false light "imposes liability on a person who publishes material that 'is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard of its falsity.'" *Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014). "Opinions based on true, disclosed facts cannot support a false-light claim …." *McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 360 (3d Cir. 2020). It is my job to "determine as a matter of law whether a statement is one of fact or opinion, as well as to determine whether a challenged statement is capable of having defamatory meaning." *Constantino v. Univ. of Pittsburgh*, 2001 PA Super 4, ¶ 16, 766 A.2d 1265, 1270 (Pa Super. Ct. 2001).

5

11. Judge Patrick's false light claim is based upon Defendants' characterization of her as a "QAnon-Linked Judge" in the Article's headline. She challenges the description itself and also alleges that it placed her "in a false light with regards to her conduct as a jurist and her decision making …." (ECF No. 1 at ¶ 8; *see also id.* at ¶ 22 (alleging that the characterization of Judge Patrick as linked to QAnon called her "competency and objectivity as a jurist into question.").)

12. In her brief in opposition to Defendants' motion to dismiss, Judge Patrick contends that the description of her as "QAnon-linked" suggests that she is a member, adherent, and/or follower of the QAnon conspiracy. But that allegation isn't in her Complaint, so I will not consider it. *See Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under … 12(b)(6).").

13. In addition, after reading the full Article, it is not plausible that one could read the Article to suggest a connection between Judge Patrick's alleged link to QAnon and her ruling in the Columbus statue case. Certainly, the Article was critical of both Judge Patrick's "ideological affiliations and controversial judicial rulings," as Defendants concede (ECF No. 4-1 at 23), but the Article does not draw a line from one to the other. The Article quotes Judge Patrick's decision, in which she explains the legal (as opposed to ideological) basis for her ruling that the City attempted to remove the statue "without any legal basis." (ECF No. 1-1.) When I consider the description of Judge Patrick as "QAnon-linked" in the

6

context of Article as a whole (as I must do), any inference of false light is implausible. *See Marcone v. Penthouse Int'l Mag. For Men*, 754 F.2d 1072, 1078 (3d Cir. 1985) ("[T]he allegedly libelous communication be read as a whole, in context.").

14. Even if Judge Patrick plausibly alleged that the Defendants' characterization of her reasonably suggested that her link to QAnon influenced her ruling on the Columbus statue, that suggestion could not sustain a claim for relief because it is non-actionable speculation, not defamation. Where "it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable." *McCafferty*, 955 F.3d at 359. There is, of course, no objective way to prove what Judge Patrick was thinking when she ruled on the Columbus statue dispute. Thus, this speculation could not support a claim for false light.

15. However, Defendants' characterization of Judge Patrick as "QAnon-linked" is an actionable expression of fact. Perhaps, if Defendants had referred to Judge Patrick as a "QAnon Judge," that characterization might have amounted to an expression of opinion that is unprovable as false. *See, e.g.*, Cheng v. Neumann, 51 F.4th 438, 446 (1st Cir. 2022) (finding that labels such as "right-wing," "far-right," and "conspiracy theorist" to be "vague, judgement-based terms that 'admit[ ] of numerous interpretations' and are not objectively provable as false"). But Defendants went further and described Judge Patrick as being QAnon-*linked*. That linkage is a factual assertion in its own right,

7

connecting her to the QAnon movement in some way. Though the Parties are likely to dispute what it means to be "linked" to a group or ideology, the fact of being linked to something is not so vague as to be rendered unprovable as false. In addition, a person is either linked to something or not, even if that linkage might vary in degree. Because the fact of Judge Patrick's alleged "link" to QAnon may be proved as false, she can maintain a false light claim based upon Defendants' characterization of her.

16. Because the idea that Judge Patrick is "QAnon-linked" is a factual assertion, this case is different from the Third Circuit's decision in *McCafferty*. In that case, the statements at issue were either pure opinions or they were derogatory characterizations. But "QAnon-linked" is neither. It's a factual assertion about a link to a particular group (even if that group is somewhat ill-defined).

17. That said, the ultimate issue of whether Judge Patrick is linked to QAnon is for a finder of fact to decide, and I decline Defendants' invitation to look beyond the Complaint to resolve their defense in this matter. Likewise, I will not convert Defendants' motion into a motion for summary judgment. Given the allegations in the Complaint and the Article (attached to, and referenced in, the Complaint), it is plausible that it is false that Judge Patrick is QAnon-linked.

18. Nevertheless, I will dismiss the case because Judge Patrick has not pled any facts that make it plausible that Defendants acted with actual malice when they described her as a QAnon-linked Judge. It is not enough that Judge Patrick made the bald assertion

that Defendants published the Article while knowing it was false. Instead, she must offer some facts that might make that allegation plausible. At best, she alleges that "[D]efendants had knowledge of, or acted in reckless disregard as to, the falsity of the matter they communicated ...." (ECF No. 1 at ¶ 28.) But that allegation is not plausible in the absence of *any* facts to support it.

19. Finally, Judge Patrick's contention that "Ms. Bradley did no independent work on the story, but relied solely on other stories" does not demonstrate actual malice. (ECF No. 10-1 at 21.) *First*, this allegation does not appear anywhere in her Complaint, so I cannot consider it. *Second*, even if Ms. Bradley's reliance on other news sources was problematic from a journalistic standpoint, "even an extreme departure from professional standards, without more, will not support a finding of actual malice." *McCafferty*, 955 F.3d at 359 (quotation omitted). Absent allegations of fact that make it plausible that Defendants acted with actual malice when they described Judge Patrick as a QAnon-linked Judge, Judge Patrick cannot state a claim for false light under Pennsylvania law.

In light of the foregoing, it is **ORDERED** that the Motion To Dismiss By Defendants The Daily Beast Company LLC and Laura Bradley (ECF No. 4) is **DENIED IN PART** and **GRANTED IN PART** as follows:

1. Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction is **DENIED**;

2. Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is **GRANTED**, consistent with the analysis set forth above;

3. Judge Patrick's Motion For Leave To File A Sur-Reply Brief In Opposition To The Motion To Dismiss (ECF No. 16) is **DENIED AS MOOT**; and

4. If Judge Patrick has a good faith basis to amend her pleading as to Defendants' alleged malice, then she may file an Amended Complaint on or before April 3, 2023. If she does not file an Amended Complaint by that time, the Court will assume that Judge Patrick intends to stand on the allegations in her current Complaint and will enter an Order dismissing this matter with prejudice.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**