IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HONORABLE PAULA PATRICK**, <br><br> *Plaintiff,* <br><br> v. <br><br> **THE DAILY BEAST COMPANY, LLC,** *et al.*, <br><br> *Defendants.* | **Case No. 2:22-cv-01520-JDW** |

### MEMORANDUM

Being a Judge is a great job. But it comes with downsides. What we do, we do in public, and we subject ourselves to public discussion and criticism of our decisions, both fair and unfair. Federalist No. 78 noted the importance of Judges being independent of the "effects of those ill humors, which are the arts of designing men, or the influence of particular conjunctures [that] sometimes disseminate among the people themselves." The Federalist No. 78 (Alexander Hamilton). That remains just as true today as it was in the 18th Century. Being a judge requires a thick skin and a willingness to make decisions in the face of criticism, even unfair criticism, and to remember that sticks and stones may break my bones, but names can never hurt me.

After Judge Paula Patrick issued a controversial decision about a statue of Christopher Columbus in South Philadelphia, she came in for scrutiny and criticism. An article in the *Daily Beast* referred to her as "QAnon-linked" in her headline. Judge Patrick

says that's neither true nor fair, so she filed suit, claiming that the article paints her in a false light. But Judge Patrick has failed to plead facts that make it plausible that the Daily Beast or its reporter Laura Bradley acted with actual malice in their reporting. Because Judge Patrick failed to plead an element of her false light claim and admitted she has nothing more to plead, I will dismiss her Amended Complaint with prejudice.

I.  **BACKGROUND**

   A.  **Judge Patrick And QAnon**

Judge Patrick has served on the Philadelphia Court of Common Pleas since her election in 2003. In 2021, she lost a bid for the Pennsylvania Supreme Court in the Republican primary. Judge Patrick participated in many events as part of her Supreme Court campaign. Among these campaign events was a 40-minute video interview on *Up Front in the Prophetic* with QAnon supporter Prophetess Francine Fodsick. QAnon supporters believe, without evidence, that President Trump was elected to defeat a purported cabal of cannibalistic pedophiles in the government. During the interview with Prophetess Francine, Judge Patrick did not refute that she was considering attending a conference associated with QAnon that year. Judge Patrick's name later appeared on a list of speakers for the conference, though she did not attend. Judge Patrick disavowed any QAnon link in an interview with *The Philadelphia Inquirer*.

B.  **The Article**[1]

Ms. Bradley wrote, and the *Daily Beast* published, the Article, which describes Judge Patrick's high-profile case on the removal of a statue of Christopher Columbus from a Philadelphia park. The Article focuses on Judge Patrick's ruling requiring the City of Philadelphia to remove a plywood box covering the statute. The Article also spends a paragraph on the "drama" surrounding Judge Patrick's supposed QAnon link. (ECF No. 23-1.) It references Judge Patrick's interview with Prophetess Francine, her inclusion on the speaker list for the QAnon-affiliated conference, and her denials of any plan to attend the conference. Ms. Bradley drew from local Pennsylvania news sources to craft the Article, including: (1) *The Philadelphia Inquirer*, (2) CBS Philadelphia, and (3) 6 Action News. She did not perform any independent investigation or interviews for the Article.

C.  **Procedural History**

Judge Patrick first challenged Defendants' reporting of her as "QAnon-linked" in February 2022 in the Philadelphia Court of Common Pleas. She voluntarily dismissed that case and refiled her Complaint here in April 2022. Defendants moved to dismiss the Complaint for, among other things, failure to state a claim. I held that Judge Patrick failed to state a claim because she failed to plead any facts that made it plausible that Defendants acted with actual malice. I gave leave to file an amended complaint, which

---

[1] The "Article" refers to the article at issue in this matter, which The Daily Beast published on its website on October 9, 2021: "QAnon-Linked Judge Rules in Unhinged War Over Philly's Columbus Statue." (*See* ECF No. 23-1.)

she did. Defendants have now moved to dismiss the Amended Complaint for failure to state a claim. The Motion is ripe for disposition.

## II.     LEGAL STANDARD

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand 'only a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (same). In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id*. (same). First, the court must identify the elements needed to set forth a particular claim. *See id*. at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *See id*. Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id*. (quotation omitted). The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id*. at 790 (citation omitted).

## III. ANALYSIS

Judge Patrick's only claim is for false light invasion of privacy. In Pennsylvania, a claim of false light "imposes liability on a person who publishes material that 'is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard of its falsity.'" *Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014) (citing *Larsen v. Phila. Newspapers, Inc.*, 543 A.2d 1181, 1188 (Pa. Super. Ct. 1988) (*en banc*)). Based on my ruling on the previous motion to dismiss, I focus on whether Judge Patrick has pled "actual malice," which means knowledge or reckless disregard of falsity. *See Tucker v. Fischbein*, 237 F.3d 275, 284 (3d Cir. 2001).

### A. Actual Malice

Judge Patrick's Amended Complaint includes words like "reckless," "malicious," and "knowingly false" in almost every paragraph, but it lacks the facts to support these legal conclusions. *See Connelly*, 809 F.3d at 786. The Amended Complaint alleges only that: 1) Ms. Bradley used other news sources, rather than completing her own independent investigation, in writing the Article; 2) Judge Patrick denied any QAnon link in an interview with *The Philadelphia Inquirer*; and 3) Defendants disregarded and withheld from readers information about Judge Patrick's QAnon link. None of these facts, individually or collectively, amounts to actual malice.

As an initial matter, I note that "'actual malice focuses on [the defendants'] attitude towards the truth, not towards [the plaintiff].'" *McCafferty v. Newsweek Media Grp., Ltd.*,

955 F.3d 352, 360 (3d Cir. 2020) (quoting *DeMary v. Latrobe Printing & Publ'g Co.*, 762 A.2d 758, 764 (Pa. Super. Ct. 2000)). Therefore, Judge Patrick's assertions that Defendants published the Article "to harm Judge Patrick, whose politics apparently do not align with those of the Daily Beast defendants" and other similar claims do not show actual malice. (ECF No. 23 at ¶ 6.) So, my focus must be on the Defendants' malice to the truth.

*First*, Ms. Bradley's reliance on other news sources, rather than performing an independent investigation, is not evidence of actual malice. "[A] failure to investigate, standing alone, does not constitute actual malice" where there is no evidence that the journalist doubted the veracity of her story. *Tucker*, 237 F.3d at 286. Judge Patrick does not allege facts to make it plausible that that Ms. Bradley doubted her story or that she had reason to doubt it. Judge Patrick argues that the articles on which Ms. Bradley relied do not support the statement that Judge Patrick was QAnon-linked. I disagree. As Judge Patrick argued in her state court complaint, "a proper reading of the 30 April 2021 *Inquirer* article is that Judge Patrick is linked to or otherwise had an affiliation with Q'Anon." (ECF No. 26-11 at ¶14.) Judge Patrick contends that Defendants cannot rely on the *Inquirer* article because it was not hyperlinked in the Article. But it is referenced in the sentence "[Judge Patrick] told the *Inquirer* she had no idea why she was listed as a speaker." (ECF No. 23-1 at 2.) And Judge Patrick put the April *Inquirer* article at issue by quoting it in her Amended Complaint to support her argument that Defendants acted with actual malice.

6

*Second*, Judge Patrick's reliance on her denial of a QAnon link is misplaced. The fact that Judge Patrick denied a QAnon link does not negate her interview with a QAnon supporter or that she was listed as a speaker for a QAnon-affiliated conference. Nor should her denial have alerted Ms. Bradley that the Article was, or even might be, false. "[T]he press need not accept denials, however vehement; such denials are so commonplace in the world of polemical charge and countercharge that, in themselves, they hardly alert the conscientious reporter to the likelihood of error." *Harte-Hanks Commc'ns v. Connaughton*, 491 U.S. 657, 691 n.37 (1989) (quotation omitted).

*Third*, the information Judge Patrick asserts Defendants withheld does not render false the Article's reference to "QAnon-linked." The Amended Complaint claims that Defendants withheld that (a) Judge Patrick denied the QAnon link, (b) she did not attend the QAnon-affiliated event, and (c) the interview occurred during Judge Patrick's campaign for the Pennsylvania Supreme Court. Had the Daily Beast included all this information in the Article, it would not have made the reference to "QAnon-linked" false. Judge Patrick did interview with a QAnon supporter, and her name did appear on a list of speakers for the QAnon-affiliated conference. Those facts weigh in favor of the Article's headline and against a finding of falsity. Maybe the headline wasn't the most fair weighing of those conflicting facts, but that's not enough to show actual malice.

It is not even clear that Defendants withheld the information that Judge Patrick claims. The Article reported that Judge Patrick "denied that she ever planned to attend a

7

QAnon-affiliated event" and that "she had no idea why she was listed as a speaker." (ECF No. 23-1 at 2.) Inherent in those statements is that she did not attend the event. The Article also noted that Judge Patrick "unsuccessfully ran for a seat on the state Supreme Court earlier this year" (*id.*), though it does not say that the interviews at issue occurred as part of that campaign.

Finally, even viewed collectively, the actions at issue do not rise to the level of actual malice. Read in the light most favorable to Judge Patrick, they show that the Daily Beast and Ms. Bradley did no real reporting before publishing their story and that they chose to view the facts in a light that was unfavorable to Judge Patrick. That's harsh, maybe unduly so. And it lays bare any notion that they were engaged in journalism. But it doesn't make plausible the notion that they knew that their description of Judge Patrick was false. Nor does it demonstrate that the Daily Beast and Ms. Bradley stuck their head in the sand in reckless disregard to the truth.

**B.     Dismissal With Prejudice**

Judge Patrick has tried to litigate these claims three times, once in state court and now twice in this Court. She withdrew her state court complaint and has failed to state a claim in both complaints in this Court. Furthermore, at the premotion conference that I held on April 17, 2023, Judge Patrick's counsel confirmed that she had pled all the facts she had in her Amended Complaint and that, if her allegations still failed to state a claim, she would have no basis for further amendment. In addition, Defendants ask me to

8

dismiss with prejudice, and Judge Patrick does not respond or request leave to amend. Therefore, I will dismiss Judge Patrick's complaint with prejudice.

## IV. CONCLUSION

Because Judge Patrick failed to plead facts that could plausibly support an inference of actual malice and has no more facts to plead, I will dismiss her claim with prejudice. An appropriate order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

May 24, 2023